IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **PLANO ORTHOPEDIC & SPORTS MEDICINE CENTER, P.A.**, § § § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-01744-L** |
| § | |
| **AETNA HEALTH, INC.**, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Second Motion to Remand, filed July 5, 2012; Defendant's Response and Brief in Opposition to Plaintiff's Motion to Remand, filed July 26, 2012; and Plaintiff's Reply to Aetna's Response to Plaintiff's Second Motion to Remand, filed August 9, 2012. After carefully reviewing the motion, response, reply, record and applicable law, the court **grants** Plaintiff's Second Motion to Remand.

### I.     Factual and Procedural Background

This case arises out of a dispute concerning payment on over 25,000 insurance coverage claims. This is the second time Aetna Health U.S. Healthcare of North Texas, Inc. ("Defendant" or "Aetna") has removed this case to federal court. Plano Orthopedic & Sports Medicine Center, P.A. ("Plaintiff" or "POSM") originally filed this suit in the District Court of Dallas County, Texas, B-44th Judicial District, on October 3, 2008. Pl.'s Orig. Pet. & Req. for Discl. 1. On November 9, 2009, Defendant removed the action to this court based on federal question jurisdiction. First Notice of Removal of Civ. Action 1. Defendant asserted, and this court agreed, that a number of the assigned medical claims at issue were preempted by the Employee Retirement Income Security Act

**Memorandum Opinion and Order - Page 1**

of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq. Id.*; Mem. Op. & Order on Pl.'s First Mot. to Remand 6. Plaintiff moved for leave to amend its complaint to omit any claims not governed by Texas law. Pl.'s Second Mot. for Leave to Amend its Pleading 3. This court granted the motion for leave to amend and, upon the filing of Plaintiff's Second Amended Complaint, remanded the remaining state claims to the state court. Mem. Op. & Order on Pl.'s Second Mot. for Leave to Amend its Pleading 4, 9. Specifically, this court held that, because no federal claims remained and the state court was better suited to handle the remaining claims, it would decline to exercise its jurisdiction over the remaining state claims. *Id.* at 8-9. In addition, this court held that if, in the future, Plaintiff asserted any insurance coverage claims implicating the *right* of payment (which would trigger ERISA), as opposed to the *rate* of payment (which would not be preempted under ERISA), Plaintiff would be judicially estopped from doing so. *Id.* at 4-5.

Following remand, Plaintiff amended its state court petition on May 25, 2012. In its Fourth Amended Petition, Plaintiff asserted, for the first time, a claim against Defendant under Chapters 542 and 4151 of the Texas Insurance Code, in addition to its previous allegations concerning violations of the prompt payment provisions of Chapters 843 and 1301. Pl.'s Fourth Am. Original Pet. ¶ 17. Defendant answered, asserting in part, that Plaintiff's "claims against Aetna are barred by judicial estoppel, and by Plaintiff's judicial admissions." Def.'s Second Am. Answer to Pl.'s Fourth Am. Pet. & Counterclaim ¶ 24. Less than two weeks later, on June 5, 2012, Defendant removed the state action to this court for the second time, again asserting federal question jurisdiction on the basis that Plaintiff's new claims were preempted by ERISA. Def.'s Second Notice of Removal of Civ. Action 2. Plaintiff then moved to remand this case to state court, arguing that removal was improper because Defendant's grounds for removal are the same and that this

court's First Remand Order is conclusive. Pl.'s Br. in Supp. of Second Mot. to Remand 2. POSM argues alternatively that even if this court's First Remand Order is not conclusive, Aetna still cannot meet its burden of proving that POSM has recently done anything to invoke federal jurisdiction. *Id.* The court now considers Plaintiff's motion.

## II.     Federal Removal Jurisdiction

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts as to the propriety of the removal are to be construed strictly in favor of remand. *Id.*; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

In general, pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal in the district court within 30 days after receipt of the first pleading in the state action that sets forth a removable claim; however, in a case where removal is not based upon an initial pleading, a defendant may file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[1]  "[T]he

---

[1] The court notes that the parties refer to 28 U.S.C. § 1446(b)(3). This statute was amended on December 7, 2011, and became effective on January 6, 2012; however, cases commenced prior to the effective date of the amendment are governed by § 1446(b) as it existed prior to the effective date of the amended statute. This amendment does not substantively affect the court's analysis; however, the court advises the parties that the correct statute to be used is the

**Memorandum Opinion and Order - Page 3**

information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal . . . ." *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 211 (5th Cir. 2002). While 28 U.S.C. § 1446(b) contemplates, and the Fifth Circuit has held, that successive removals under § 1446(b) are permitted, such removals must be based on newly acquired facts or subsequent events that reveal a new factual basis for removal. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

### III.   POSM's Motion to Remand

Aetna contends that this case became removable again because of two main events: (1) POSM "recently amended its pleadings to include a new, separate cause of action that is subject to federal question jurisdiction under complete ERISA preemption," and (2) POSM, despite its previous stipulation to this court that it would not pursue such claims, is seeking damages on state law claims that are preempted by ERISA, as evidenced by a list of claims POSM sent on May 14, 2012 to Aetna in response to a discovery request. Def.'s Second Notice of Removal ¶ 4. According to Aetna, prior to removal, it requested that POSM voluntary drop these claims from this dispute under its federal court stipulation. Def.'s Second Notice of Removal ¶ 10. Aetna argues that because POSM failed to do so, it properly removed the case a second time. *Id.* at ¶¶ 10-11.

In its motion to remand, POSM responds that Aetna's removal of this case is improper because: (1) this court's First Remand Order, which expressly held that POSM would be judicially estopped should it assert insurance coverage claims, resolves any issue—now and in the future—of POSM litigating coverage issues preempted by ERISA, and (2) even if this court's First Remand

---

one in effect at the time this action was originally filed in state court. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 105(d), 124 Stat. 758, 762 ("[A]n action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court").

**Memorandum Opinion and Order - Page 4**

Order is not conclusive, neither of the two "papers" upon which Aetna's removal is premised, asserts federal claims in "unequivocally clear and certain" terms. Pl.'s Br. in Supp. of Second Mot. to Remand 2. The court agrees.

The two new "papers" upon which Aetna bases its removal of this case both acknowledge and recognize the scope and limitations this court placed on the claims that could be asserted in the lawsuit in state court. The first paper, POSM's May 14, 2012 letter, reiterates POSM's judicial representation to this court that it would *not* litigate ERISA coverage issues:

> [W]e do not believe that there are any claims on the list where AETNA did not pay Plano's claim because the services were not provided to a person not covered under the plan in question, because the services provided were not covered under the plan in question, or for any other reason where the refusal to pay would be preempted by ERISA. *If there is such a claim, Plano is still bound by its pleading that it is judicially estopped from asserting in this proceeding (or any subsequent proceeding brought in state court against AETNA for the same claims) that AETNA is liable to it on those claims, or on any claim that is not subject to and governed by Texas state law.*

Letter from Grant Kaiser, counsel for POSM to Dimitri Zgourides, counsel for Aetna, May 14, 2012, (emphasis added). The second paper, POSM's Fourth Amended Original Petition, expressly disclaimed any intent by POSM to seek damages for claims preempted by ERISA, and again, asserted that POSM was judicially estopped from litigating such claims:

> PLANO does not claim, does not seek to recover and would not accept recovery from AETNA any amounts AETNA failed to pay PLANO (a) because the services were provided to a person not covered under the plan in question, (b) because the services provided were not covered under the plan in question, or (3) for any other reason where the refusal to pay would be preempted by ERISA.
>
> *PLANO intends that this pleading be sufficient to judicially estop it from asserting in this proceeding* (or any subsequent proceeding brought in state court against AETNA for the same claims) *that AETNA is liable to it on those claims, or on any claim that is not subject to and governed by Texas state law.*

Pl.'s Fourth Am. Original Pet. ¶¶ 15-16 (emphasis added).  Given that both documents expressly state that POSM does not intend to assert federal claims and is precluded from doing so, the documents do not assert federal claims in "unequivocally clear and certain" terms. *See Bosky*, 288 F.3d at 211.  Furthermore, POSM's May 14, 2012 letter itself stated that the list of claims was "subject to change given further discovery," that POSM did "not believe that any claims will be added to the list," and that it was a "possibility that the number of claims [on the list] may be reduced."  Thus, at best, POSM's documents are *ambiguous* as whether POSM is attempting to litigate federal claims.  When the assertion of federal removal jurisdiction is unclear, any doubts should be resolved in favor of remand. *See Manguno*, 276 F.3d at 723.

Aetna argues that because Plano's stipulation is an additional defense for Aetna, the stipulation does not deprive it of the right to remove claims that POSM promised not to bring if they arise under federal law. Def.'s Resp. to Pl.'s Mot. to Remand 20.  According to Defendant, "the presence of additional and meritorious defenses to a claim—here Plano's stipulation—does not deprive the claim of its federal character, nor does it diminish a defendant's right to remove it." *Id.* at 21.[2]   Once again, however, Defendant has not established that the new documents "unequivocally" assert claims that are federal in nature.  The requirement that the information supporting removal in an amended pleading or other paper be "unequivocally clear and certain" was

---

[2] Contrary to this assertion by Aetna, a pre-removal stipulation may preclude removal to federal court. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) ("[A]t least in Texas—'litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.'") (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)); *see also Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009) ("In order to ensure that any attempt to remove would have been unsuccessful, [Plaintiff] could have included a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum . . . ."); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints . . . ."). The parties treat the language in Plaintiff's Fourth Amended Original Petition as a stipulation, even though pleadings can be amended freely in state court, *see* Tex. R. Civ. P. 63, and the court accepts the characterization of the parties.

adopted expressly for the purpose of discouraging premature and protective removals such as this one, where a case is removed before its factual basis can be proved by a preponderance of the evidence. *See Bosky*, 288 F.3d at 211.

Aetna's argument that the *Bosky* standard applies only to start the running of the removal clock misses the mark. As previously stated, *Bosky* held that information supporting removal in an amended pleading or other paper must be "unequivocally clear and certain" to start the running of the 30-day removal period. *Id.* When the case involves an amended pleading or other paper, the removal clock begins to tick when "it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). As previously noted, a case may be removed only if it presents a federal question, or diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. As this case does not involve diversity, the question is whether a federal claim has been raised by the information contained in the amended pleading or other paper. If the information in the amended pleading or other paper is such that it cannot be ascertained that a federal question exists—which the court has so concluded—there is no jurisdictional basis to remove, and the removal clock does not commence to run. For this reason, the requirement that information supporting removal must be "unequivocally clear and certain" is inextricably intertwined with jurisdiction.

Moreover, even assuming that the new documents assert a federal claim in "unequivocally clear and certain" terms, Defendant's remedy lies in this court's First Remand Order, which held that Plaintiff was judicially estopped from asserting federal claims in this action. The court sees no reason—nor is one offered by Defendant—why the First Remand Order is no longer valid or why Defendant would not be able to assert its defense of judicial estoppel in state court. Therefore, this

**Memorandum Opinion and Order - Page 7**

court finds that its First Remand Order is still valid and, thus, conclusive on the issue of POSM litigating ERISA-preempted insurance coverage claims in this lawsuit. POSM's earlier waiver and abandonment of its federal claims necessarily preclude it from asserting any federal claims, and any attempts to assert a claim that is federal in nature is of no moment and a legal nullity. As POSM has pleaded its way out of federal court, and its pleadings and representations were integral to the court's First Remand Order, POSM cannot now reassert any federal claim that it abandoned and agreed to dismiss. Because POSM is judicially estopped from asserting any federal claims, Aetna has no jurisdictional or procedural basis to remove this action to federal court for a second time. Accordingly, the court will remand this action to the state court.

## IV.    POSM's Request for Attorney's Fees

In addition, POSM requests attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Under § 1447(c), when remanding a case to the state court, a court may award attorney's fees and costs "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In deciding whether a defendant had objectively reasonable grounds to believe the removal was legally proper, courts do not to consider the motive of the removing defendant. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). A district court is to "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Id.* at 293.

POSM contends that Aetna could not have had any objectively reasonable ground to believe that removal for a second time was proper in light of this court's express holding that judicial

**Memorandum Opinion and Order - Page 8**

estoppel applies. POSM suggests that Aetna removed this case solely to avoid a September trial date. This statement is speculative and not really supported by the record. Even if Aetna had improper motives in removing this case, this court is not to consider the motive of the removing defendant. *Valdes*, 199 F.3d at 292-93. The court looks to whether Aetna had objectively reasonable grounds to believe removal was legally proper. Although Defendant removed this case prophylactically, the court is not prepared to hold that Defendant lacked "an objectively reasonable basis for seeking removal."

What Aetna sought from POSM following the May 14, 2012 letter from Grant Kaiser and Plaintiff's Fourth Amended Original Petition was an unequivocal rejection, renouncement, and dismissal of all ERISA claims. *See* Letter from Dimitri Zgourides, counsel for AETNA, to Grant Kaiser, counsel for POSM, June 1, 2012 ("[W]e request that POSM specifically agree that it is not seeking damages, in any form, from Aetna on the medical claim encounters identified in Attachment 1 and that these claim encounters will not be pursued in the litigation."). POSM's response, however, did not go as far as Aetna would have preferred it to go. Although POSM indicated that it believed Aetna's allegation to be "incorrect," and acknowledged it is judicially estopped from asserting ERISA claims, when asked by Aetna to "specifically agree" in writing that it was not "seeking damages in any form, from Aetna on the medical claims" Aetna identified as being governed by ERISA, POSM declined to do so, stating that it would treat Aetna's letter as a discovery request, that any response would not be due to Aetna until "on or about July 4, 2012," and that Aetna could "expect it about that date." Letter from Grant Kaiser, counsel for POSM, to Dimitri Zgourides, counsel for Aetna, June 4, 2012.

**Memorandum Opinion and Order - Page 9**

The court is not going to deal with the to-and-fro between the parties, but it does understand Aetna's concern regarding the language in POSM's correspondence and why it took a preventive approach. One can reasonably argue that Aetna did not want to run the risk of failing to remove within 30 days of knowledge of the amended pleading or other paper if the new claims referenced were ERISA claims and the judicial estoppel order were not enforced.

Further, the court recognizes that this is a complex and unique case. The court has not encountered procedurally such a case with its attendant legal issues. For these reasons, the court is reticent to hold that Aetna had no objectively reasonable basis to believe that the action was removable. The court therefore will deny Plaintiff's request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

The court has been patient regarding this litigation, however, the court has made its position on the legal matter clear, and will not continue to exhibit the patience of Job and expend scarce judicial resources on this litigation. If this case returns to this court after this second remand, and the evidence and law show that jurisdiction does not exist, the court will not only impose attorney's fees, but it will also consider imposing appropriate sanctions pursuant to 28 U.S.C. § 1927, Rule 11 of the Federal Rules of Civil Procedure, or the court's inherent authority.

V.  **Conclusion**

For the reasons herein stated, the court lacks subject matter jurisdiction over this action and **grants** Plaintiff's Second Motion to Remand. Accordingly, the court **remands** this action to the 44th Judicial District Court, Dallas County, Texas. The clerk shall effect this remand in accordance with the usual procedure. Further, the court **denies** Plaintiff's request for attorney's fees and costs.

**It is so ordered** this 30th day of October, 2012.

                                                   _____
                                                   Sam A. Lindsay
                                                   United States District Judge